Lisa KENNEDY, Plaintiff-Appellant,

v.

FEDERAL EXPRESS CORPORA-TION, Alvin Beal, as Aider and Abettor, Defendants-Appellees.

No. 16-3634-cv

United States Court of Appeals, Second Circuit.

October 5, 2017

FOR APPELLANT: LAWRENCE M. ORD-
WAY, JR., Bousquet Holstein PLLC, Syra-
cuse, NY.

FOR APPELLEES: WHITNEY K. FOGER-
TY, for Federal Express Corporation,
Memphis, TN. Alvin Beal, pro se, Tigard,
OR.

PRESENT: RAYMOND J. LOHIER,
JR., CHRISTOPHER F. DRONEY,
Circuit Judges, JED S. RAKOFF, District
Judge.*

**SUMMARY ORDER**

Lisa Kennedy appeals from a judgment
of the District Court (D'Agostino, J.)
granting summary judgment to Federal
Express Corporation ("FedEx"). On ap-
peal, Kennedy argues that FedEx is not
entitled to summary judgment under the
Faragher/Ellerth doctrine. See Faragher
v. City of Boca Raton, 524 U.S. 775, 807,
118 S.Ct. 2275, 141 L.Ed.2d 662 (1998);
Burlington Indus., Inc. v. Ellerth, 524 U.S.
742, 764–65, 118 S.Ct. 2257, 141 L.Ed.2d
633 (1998). Kennedy also argues that genu-
ine disputes of material fact preclude sum-
mary judgment on her Title VII claims for
sexual harassment, sex discrimination, and
retaliation. We assume the parties' famil-
iarity with the facts and record of the prior
proceedings, to which we refer only as
necessary to explain our decision to affirm
in part and vacate in part.

Viewing the record in the light most
favorable to Kennedy and drawing all rea-
sonable inferences in her favor, Fireman's
Fund Ins. Co. v. Great Am. Ins. Co. of
N.Y., 822 F.3d 620, 631 n.12 (2d Cir. 2016),
we conclude that she has raised a genuine
dispute of material fact as to whether her
supervisor, Alvin Beal, engaged in quid
pro quo harassment by making threats or
promises that "linked tangible job benefits
to the acceptance or rejection of sexual
advances," Karibian v. Columbia Univ., 14
F.3d 773, 778 (2d Cir. 1994). Kennedy tes-
tified that (1) Beal told her "[y]ou take
care of me, I'll take care of you" in the
context of Beal's sexual harassment and
rape, and (2) Beal ordered her to come
into the office on a Sunday and raped her
when they were alone, after he had al-
ready raped her the previous month under
similar circumstances. On this record, a
reasonable jury could conclude that Ken-
nedy submitted to Beal's sexual harass-
ment because of a threat of discipline or
promise of "continued employment." See
Jin v. Metro. Life Ins. Co., 310 F.3d 84, 97
(2d Cir. 2002). Such quid pro quo harass-
ment, if proven at trial, would constitute a
tangible employment action and deprive
FedEx of its affirmative defense under
Faragher/Ellerth. Id. at 92.

Because FedEx has not established its
entitlement to the Faragher/Ellerth de-
fense as a matter of law, and because
FedEx concedes for purposes of this ap-
peal that Beal's conduct created a hostile
work environment, we remand for further
proceedings on Kennedy's claims for sexu-
al harassment and sex discrimination. With
respect to Kennedy's retaliation claim, we
affirm for substantially the reasons stated
in the September 28, 2016 decision and
order of the District Court. See Kennedy
v. Fed. Express Corp., No. 5:13-CV-1540,
2016 WL 5415774 (N.D.N.Y. Sept. 28,
2016).

We have considered Kennedy's remain-
ing arguments and conclude that they are

* Judge Jed S. Rakoff, of the United States Dis-
trict Court for the Southern District of New York, sitting by designation.

without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED as to the retaliation claim and VACATED as to the sexual harassment and sex discrimination claims, and the case is REMANDED for further proceedings.